### KENNEDY–VAN SAUN MFG. & ENGINEERING CORPORATION v. KINSELLA et al.

### No. 5492.

Circuit Court of Appeals, Third Circuit.

July 19, 1934.

Jay W. Sechler, of Philadelphia, Pa., for appellant.

Stuart L. Kirk and Josiah H. Marvis, both of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania. In July, 1931, the appellant delivered a stone crusher to the Howellville Quarries, Inc., in accordance with the terms of a written agreement between the parties. The court below, upon bill in equity, appointed receivers for the Quarries. The appellant filed a reclamation petition in which it claimed title and possession, alleging that the crusher had been leased and not sold to the Quarries. A special master was appointed, who concluded that the agreement between the parties constituted a bailment lease and that the appellant was entitled to possession and title. The District Court

sustained exceptions to the report of the special master and, without opinion filed, denied the petition for reclamation.

The question on appeal is whether the agreement amounted to a bailment lease or a conditional sale. Although such terms in the agreement as "lease," "lessee," "lessor," and "rental" are apt terms for use in drawing a bailment lease, the indications are that the parties intended the writing to be a conditional sale rather than a bailment lease. Such phrases as "deliver f. o. b. factory where made," "pro-rata prices," "payments hereunder," "upon failure to make payments," "may retain any and all partial payments which have been made as liquidated damages," "delivery and final payment," and "20% of price plus labor," are more aptly indicative of an intention to make a contract of sale than of lease.

In case of default in payment, the appellant is given the option of regaining possession and retaining payments as liquidated damages, or of declaring as due the whole amount of unpaid installments. The total of the so-called rental payments represents the selling price of the machinery rather than payment for its use, as is shown by the provision that "when all of the rentals have been made, from the sum of $1 and other valuable consideration, the Company agrees to give a bill of sale covering the property described in this lease."

The agreement lacks the essential provisions of a bailment lease. It does not fix a definite term of hire, nor does it include a provision for the return of the machinery at the end of any term. It provides that installments are to be paid in accordance with the ability of the Quarries to meet the amounts due rather than in accordance with the particular periods of use of the machinery.

The procedure followed by the appellant to recover the amount due is also determinative of the intention of the parties. After the appointment of receivers for the Quarries, the appellant filed a copy of the agreement with the prothonotary of the county where the crusher was erected, in accordance with the terms of the Pennsylvania Conditional Sales Act of May 12, 1925, P. L. 603 as amended by Act May 12, 1927, P. L. 979 (69 PS § 361 et seq.), and filed with the receivers proof of claim for a balance alleged to be due upon the sale of the machinery. The appellant thus indicated its understanding of the agreement as one of conditional sale and not of bailment lease.

From the language used in the contract, the specific provisions contained therein, and from the acts of the appellant, we conclude that the agreement was one of conditional sale; that is, a sale with reservation of title in the vendor until such time as the conditions of the sale are performed by the vendee. Since the Conditional Sales Act, supra, requires recording, and since the appellant failed to record the contract within the requisite time, the reclamation petition was properly dismissed by the District Court.

Decree affirmed.